Agnes E. Wilson, Petitioner v. Commissioner.
Wilson v. Commissioner
Docket No. 4017-69 SC.
United States Tax Court
T.C. Memo 1970-105; 1970 Tax Ct. Memo LEXIS 257; 29 T.C.M. (CCH) 481; T.C.M. (RIA) 70105; May 6, 1970, Filed Agnes E. Wilson, pro se, 2449 Third St., Fort Lee, N.J., William M. Gross, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency of $1,573.55 in the income tax of James M. Wilson and Agnes E. Wilson for the calendar year 1966. The issues for decision are as follows: (1) Whether the amount of $10,146.65 received by Mr. Wilson while employed in South Vietnam constitutes *259 taxable income? (2) If that amount is taxable, whether Mrs. Wilson is liable for the income tax imposed upon it as a result of her having filed a joint return with her husband? (3) In the event that the Court's findings as to issues (1) and (2) are affirmative, whether certain living expenses incurred by Mr. Wilson while in South Vietnam are deductible expenses pursuant to section 162, I.R.C. 1954? The Commissioner has conceded that if the Court's findings as to issues (1) and (2) are affirmative, Mr. Wilson's plane fare to South Vietnam is a deductible moving expense. The facts have been stipulated. The taxpayer, Agnes E. Wilson, and her husband, James M. Wilson filed a joint income tax return for the calendar year 1966 with the district director of internal revenue, Newark, New Jersey. At all times material herein and at the time the petition in this case was filed, the taxpayer resided in Coytesville, New Jersey. 482 During 1966, Mr. Wilson accepted employment with RMK-BRJ as a civil engineer. His place of employment was South Vietnam, and it was contemplated that he would remain in that country for an indefinite period of time but not less than 18 months. Mr. Wilson *260 left the United States for South Vietnam on June 9, 1966, and returned, as a result of the premature cancellation of the project upon which he was employed, in June of 1967. Mr. Wilson earned $10,146.65 for the period June 9, 1966 to December 31, 1966. The entire amount was attributable to his employment in South Vietnam. When Mr. Wilson left for South Vietnam, it was contemplated that he would remain there for a minimum of 18 months and that the income he earned there would consequently be exempt from taxation under section 911, I.R.C. 1954. While her husband was still in South Vietnam, the taxpayer filed a joint income tax return for the taxable year 1966 on their behalf, executing it both on her own behalf and for her husband under a power of attorney. On their tax return the Wilsons treated the $10,146.65 which Mr. Wilson earned in South Vietnam as exempt income. However, in May of 1968, over one year after the joint return had been filed, and after it had become apparent that, as a result of the premature termination of the project in South Vietnam, Mr. Wilson's salary would be subject to taxation, the Wilsons filed separate returns for the taxable year 1966, using Forms 1040X, *261 "Amended U.S. Individual Income Tax Return." On her separate return, the taxpayer reported the same income and deductions appearing on the original joint return, apart from the income which her husband had earned in South Vietnam. On his return Mr. Wilson reported the salary he had earned in South Vietnam and claimed a total of $4,602.13 in deductions which had not been claimed in the original return. The Commissioner determined a deficiency on the basis of the original joint return. The income earned by Mr. Wilson in South Vietnam is clearly taxable. Section 61(a), I.R.C. 1954, defines gross income as "* * * all income from whatever source derived * * *". Section 911(a) provides that under certain conditions income earned abroad is excluded from gross income and exempt from taxation: SEC. 911. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES. (a) General Rule. - The following items shall not be included in gross income and shall be exempt from taxation under this subtitle: (1) Bona fide resident of foreign country. - In the case of an individual citizen of the United States who establishes to the satisfaction of the Secretary or his delegate that he has been a bona fide *262 resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such uninterrupted period * * *. (2) Presence in foreign country for 17 months. - In the case of an individual citizen of the United States who during any period of 18 consecutive months is present in a foreign country or countries during at least 510 full days in such period, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such 18-month period. * * * Since Mr. Wilson did not remain in South Vietnam for an entire taxable year or for 510 days out of a period of 18 consecutive months, it is clear that his stay in South Vietnam does not qualify under either of the provisions of section 911(a). No other Code provision of possible help to the taxpayer has been called to our attention, and we conclude that the $10,146.65 earned by Mr. Wilson *263 in South Vietnam is taxable. Furthermore, we conclude that the taxpayer is liable for the income tax imposed upon her husband's earnings in South Vietnam. Section 6013(a), I.R.C. 1954, authorizes a husband and wife to file a joint return, [1] and section 6013(d)(3) provides that if a joint return is filed, the taxpayers are jointly and severally liable for the resulting tax. Section 6013(b)(1)[2]483 permits a husband and wife to file a joint return which they would otherwise be allowed to file, notwithstanding the fact that either or both of them had previously filed separate returns and even though the time prescribed by law for filing the return for the taxable year has expired. However, no statutory provision permits the filing of separate returns after a joint return has been filed, and Regs. section 1.6013-1 specifically provides that, "For any taxable year with respect to which a joint return has been filed, separate returns shall not be made by the spouses after the time for filing the return of either has expired." Our decisions have confirmed the validity of that regulation. Matthew L. Ladden, 38 T.C. 530, 534; Thomas J. Leger, T.C. Memo. 1970-36. *264 We conclude that the Wilsons are not entitled to file separate returns after the period for filing returns has expired since they had already filed a joint return. Finally, we turn to the question of the deductibility of Mr. Wilson's living expenses in South Vietnam. Section 162(a)(2), I.R.C. 1954, [3] allows a deduction for traveling expenses incurred "while away from home in the pursuit of a trade or business". We have held on a number of occasions that if a taxpayer's employment at a particular location is "temporary", the taxpayer is "away from home" within the meaning of *265 the statute, but that if his employment is of indefinite or indeterminate duration, he is not to be considered "away from home." See Emil J. Michaels, 53 T.C. 269, and cases cited therein at p. 273. Here the parties have stipulated and we have found that Mr. Wilson's assignment to South Vietnam was for an indefinite period of time. Accordingly, we conclude that Mr. Wilson was not "away from home" while he was in South Vietnam. The claimed deduction for living expenses is therefore denied. The Court is informed that Mr. Wilson did not file any petition in respect of the deficiency notice, that the tax has been assessed against him, that he is living apart from Mrs. Wilson, and that the assessment against him is uncollectible. *266 In the circumstances, we are wholly sympathetic to petitioner's plight and we recognize the unfairness of determining a deficiency against her based solely upon income realized by Mr. Wilson; however, we see no escape from this unfortunate result in view of the law as it is presently constituted. Decision will be entered under Rule 50. Footnotes
1. Regs. section 1.6013-1(a)(2) authorizes one spouse to sign a joint return as agent for the other. ↩
2. SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE. (b) Joint Return After Filing Separate Return. - (1) In general. - Except as provided in paragraph (2), if an individual has filed a separate return for a taxable year for which a joint return could have been made by him and his spouse under subsection (a) and the time prescribed by law for filing the return for such taxable year has expired, such individual and his spouse may nevertheless make a joint return for such taxable year. * * *↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *.↩